**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 98-4117

ROBINSON MONTANO-HEREDIA,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CR-95-221-A)

Submitted: November 3, 1998

Decided: December 1, 1998

Before WIDENER, MURNAGHAN, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael William Lieberman, Alexandria, Virginia, for Appellant.
Helen F. Fahey, United States Attorney, Patrick E. Deconcini, Assis-
tant United States Attorney, Thomas E. Booth, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Following a mistrial, a second jury convicted Appellant Robinson Montano-Heredia of conspiracy to distribute and to possess with intent to distribute cocaine hydrochloride and heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994).[1] The district court sentenced Montano-Heredia to serve 121 months' imprisonment to be followed by five years of supervised release. Montano-Heredia alleges various instances of prosecutorial misconduct and contends the court abused its discretion in denying his motion for a new trial. Finding no reversible error, we affirm.

In reviewing a claim of prosecutorial misconduct, we must determine whether the conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process."[2] The test for reversible prosecutorial misconduct generally has two components: (1) that the prosecutor's remarks or conduct must in fact have been improper and (2) that such remarks or conduct must have prejudicially affected Montano-Heredia's substantial rights so as to deprive him of a fair trial.[3] We find that Montano-Heredia's claims fail in light of these criteria.

With one exception, Montano-Heredia timely objected to the prosecutor's remarks. For those remarks, we review the district court's denial of the motion for new trial for abuse of discretion.[4] After carefully considering Montano-Heredia's allegations of misconduct aris-

_____

[1] Over defense objection, the court declared a mistrial after Montano-Heredia's first trial because of a hung jury.
[2] **United States v. Morsley**, 64 F.3d 907, 913 (4th Cir. 1995) (citations and internal quotation marks omitted).
[3] **See United States v. Mitchell**, 1 F.3d 235, 240 (4th Cir. 1993).
[4] **See United States v. Campbell**, 977 F.2d 854, 860 (4th Cir. 1992).

2

ing from the prosecutor's trial tactics, we find that the district court did not abuse its discretion in denying the motion.

The evidence at trial demonstrated that between 1994 and 1995, Montano-Heredia acted as a courier, delivering drugs and or money in a cocaine trafficking organization headed by alleged co-conspirator Alberto Espinoza. Other members of the organization, including Espinoza, testified that Montano-Heredia was a knowing participant in the illegal activities. In his defense, Montano-Heredia testified that he was employed as a cook in Espinoza's restaurant. Although Montano-Heredia acknowledged he carried cash and suitcases for Espinoza when traveling either with Espinoza or on Espinoza's behalf, he denied any knowledge of Espinoza's drug trafficking activities or that his trips were drug-related.

During its case-in-chief, the prosecutor asked Margaret Everett, a case agent with the Drug Enforcement Agency, if Montano-Heredia was ever seen in possession of cocaine. Everett responded affirmatively. Upon defense counsel's objection to this question and its response, the court inquired whether Everett had personally seen Montano-Heredia in possession of the drugs. When Everett answered that she had not, the court sustained the objection, admonished the prosecutor in open court, and instructed the jury to disregard that information.

Further, while examining Paul Thaete, a local police officer involved in the Espinoza investigation, the prosecutor began to ask a question based on Thaete's training and experience. [5] Montano-Heredia objected to this line of questioning because the Government failed to comply with the court's pre-trial order denying its untimely request to declare Thaete an expert witness, as he had been in the first trial. Because the court's order permitted the Government to question Thaete on any matter to which he testified during the first trial, the

_____

[5] As part of his investigation, Thaete conducted surveillance of a hotel room and observed Montano-Heredia and Espinoza accept delivery of twenty kilograms of cocaine and retreat to Montano-Heredia's room in the hotel. Thaete later observed Montano-Heredia, Espinoza, and others leave the hotel with Montano-Heredia in possession of a suitcase which was later seized and discovered to contain ten kilograms of cocaine.

3

court excused the jury and held a bench conference to determine whether Thaete had previously testified on the subject of the Government's questions. Concluding that the question called for an expert opinion, the court sustained the objection.

Montano-Heredia asserts that his right to a fair trial was prejudiced by the prosecutor's examination of Everett and Thaete. We disagree. Although the prosecutor's questions may have elicited inadmissible evidence, the court sustained Montano-Heredia's objections to the improper questions, promptly instructed the jury to disregard those questions and their responses, and at one point, openly admonished the prosecutor. We conclude that the court took appropriate and sufficient steps in response to the prosecutor's improper questions and that the court acted within its discretion in denying the motion for a new trial.[6]

Montano-Heredia also claims he was entitled to a new trial based upon the prosecutor's alleged misconduct during its rebuttal closing argument. In his closing argument, defense counsel asserted that Thaete had no idea what happened in the hotel room in which the Government contended that, in Montano-Heredia's presence, the cocaine was divided between two suitcases. Counsel argued that Thaete tried to deceive the jury and urged them not to allow him to "get away with it." In rebuttal, the prosecutor, calling the jury's attention to defense counsel's objections during Thaete's testimony, argued that Thaete "had a strong suspicion of what was going on in that hotel room when that cocaine first went in there. And he wanted to tell you, defense counsel didn't want him to, though."

Montano-Heredia contends these comments constituted an impermissible argument that defense counsel was somehow trying to hide the truth. The court sustained defense counsel's objection to the prosecutor's argument and instructed the jury on their duty to consider only admissible evidence, specifically adding that arguments of counsel were not evidence. Again, we find that the court's curative instructions eliminated any possible prejudice.[7]

_____

6 See United States v. Harrison , 716 F.2d 1050, 1053 (4th Cir. 1983).

7 See Harrison, 716 F.2d at 1053.

4

Lastly, Montano-Heredia points to the prosecutor's objecting during the defense's opening statement as improper conduct.[8] Because counsel did not object at trial, we review this remark for plain error.[9] Montano-Heredia does not establish how he was prejudiced by the prosecutor's objection, asserting only that it demonstrates the prosecutor's attitude to win at all costs. We find no plain error in the court's denying Montano-Heredia's motion for a new trial on this basis.

Finding no abuse of the court's discretion in denying Montano-Heredia's motion for a new trial, we affirm Montano-Heredia's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

[8] The prosecutor objected after defense counsel told the jury he was uncertain whether the Government would call an alleged co-conspirator as a witness.
[9] See United States v. Olano, 507 U.S. 725, 731 (1993).

5